Present:  All the Justices

ALLSTATE INSURANCE COMPANY
                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 001349          April 20, 2001

MARCELLUS D. JONES

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Melvin R. Hughes, Jr., Judge

     In this appeal, we consider whether a passenger in a car
that was insured at the time of an accident is entitled to
enforce a judgment entered against a named insured driver
pursuant to the uninsured motorist provisions of the driver's
automobile liability insurance policy even though the
insurance company which issued the policy denied liability
coverage to its named insured driver for failure to cooperate.

     The relevant facts are not in dispute.  On May 14, 1996,
Marcellus D. Jones was injured when he was a passenger in an
automobile owned and operated by Christopher D. Robinson.
Allstate Insurance Company (Allstate) had issued a policy of
automobile liability insurance to Robinson, a named insured
under the provisions of the policy.

     Jones filed a negligence action against Robinson in the
circuit court.  During the pendency of the negligence action,
Allstate informed Jones and his counsel that it denied
liability coverage to Robinson because of his lack of
cooperation.  Jones served Allstate with process in the tort

action.  Jones obtained a judgment against Robinson in the tort action in the amount of $55,000 with costs and interest.

Jones initiated this proceeding by filing a separate motion for judgment against Allstate.  He alleged that when Allstate denied liability coverage to Robinson, Robinson became an uninsured motorist pursuant to the provisions of Code § 38.2-2206 and that Allstate was required to pay the $25,000 uninsured motorist insurance limit prescribed in the policy that Allstate had issued to Robinson as partial satisfaction of Jones' judgment.  Allstate denied that it had any obligation to satisfy any part of the judgment.  Both litigants filed motions for summary judgment.  The circuit court held that pursuant to Code § 38.2-2206, Allstate had an obligation to pay its uninsured motorist policy limit, and the court entered summary judgment in favor of Jones in the amount of $25,000.  Allstate appeals.

Allstate contends that it has no obligation to pay its prescribed policy limit to satisfy a portion of the judgment that Jones obtained against Robinson.  Allstate says that to recover under its insurance policy, Jones "must first qualify as an 'insured' at the time the vehicle became uninsured.  Only as an insured under said policy can [Jones] avail himself of the coverage imbued via its uninsured motorist endorsement."  Allstate observes that "[t]he policy

endorsement relating to uninsured motorists provides coverage to, inter alia, persons occupying insured motor vehicles. Hence, the analysis which counsels reversal of the [c]ircuit [c]ourt's judgment requires this [C]ourt to . . . determine whether . . . Robinson's vehicle constituted an insured motor vehicle at the time [Jones] served Allstate." Furthermore, Allstate asserts that as a condition precedent to uninsured motorist coverage, there must be both an insured motor vehicle and an uninsured motor vehicle. Allstate, relying upon our decision in Superior Insurance Company v. Hunter, 258 Va. 338, 520 S.E.2d 646 (1999), contends that an automobile cannot be deemed both "an insured motor vehicle and an uninsured motor vehicle."

Responding, Jones contends that Allstate has an obligation to pay the limits of its insurance policy to partially satisfy the judgment pursuant to the uninsured motorist provisions of the policy because he is an insured as defined by Code § 38.2-2206(B). Continuing, Jones argues that our decision in Superior Insurance Company is not applicable to the facts and circumstances of this proceeding.

Code § 38.2-2206 provides in relevant part:

"A. . . . [N]o policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth to the owner of such vehicle or shall

3

be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle principally garaged or used in this Commonwealth unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . .

"B. . . . .

" 'Insured' as used in subsections A, D, G, and H of this section means the named insured and, while resident of the same household, the spouse of the named insured, and relatives, wards or foster children of either, while in a motor vehicle or otherwise, and any person who uses the motor vehicle to which the policy applies, with the expressed or implied consent of the named insured, and a guest in the motor vehicle to which the policy applies or the personal representative of any of the above.

" 'Uninsured motor vehicle' means a motor vehicle for which (i) there is no bodily injury liability insurance and property damage liability insurance in the amounts specified by § 46.2-472, (ii) there is such insurance but the insurer writing the insurance denies coverage for any reason whatsoever, including failure or refusal of the insured to cooperate with the insurer . . . ."

In applying the statutory definitions contained in Code § 38.2-2206(B), we must consider whether, at the time of the accident, Jones was a guest in Robinson's motor vehicle and whether, at the time of the accident, there was a bodily injury liability insurance policy in effect, but the insurer writing the insurance subsequently denied coverage for any reason whatsoever.

Applying the plain and unambiguous language in Code § 38.2-2206, we hold that Allstate is required to pay the limit of its uninsured motorist insurance coverage policy

toward the judgment that Jones obtained against Robinson. Even though Allstate had issued a policy of automobile liability insurance to Robinson, its named insured, which was in effect at the time Jones was injured, Allstate denied coverage to Robinson because Allstate believed that he had breached his duty to cooperate as required by the terms of that policy.

Once Allstate decided to deny coverage to its named insured, Robinson, because of lack of cooperation, the vehicle which Robinson was operating at the time of the accident met the statutorily prescribed definition of an uninsured motor vehicle. Code § 38.2-2206(B) expressly provides that an uninsured motor vehicle means a motor vehicle for which there is insurance, "but the insurer writing the insurance denies coverage for any reason whatsoever, including failure or refusal of the insured to cooperate with the insurer." And, we observe that Jones, a passenger in the car at the time of the accident, was an insured within the meaning of Code § 38.2-2206 because he was a guest in the motor vehicle.

In Superior Insurance Company v. Hunter, supra, we considered whether the underinsured motorist provision of a tortfeasor's automobile liability insurance policy was available to satisfy claims of passengers in the tortfeasor's vehicle who were insured under the same policy and whose

claims for damages exceeded the limits of the policy's liability coverage. Purcell Hunter and his daughter, Lekedra D. Hunter, were passengers in a vehicle owned by Purcell Hunter and driven by his wife, Eva L. Hunter. The vehicle collided with a car driven by Ikesha M. Dye. Purcell Hunter, Lekedra Hunter, Dye, and a passenger in Dye's vehicle were injured in the accident.

At the time of the accident, Purcell Hunter was a named insured under an automobile insurance policy issued by Superior Insurance Company (Superior). Eva Hunter and Lekedra Hunter were also named insureds under the terms of the policy, which provided liability coverage of $25,000 for each person injured, limited to $50,000 per accident. The policy also contained uninsured/underinsured motorist coverage with the same limits.

Dye and her passenger filed claims for their damages with Superior and alleged that Eva Hunter was negligent in her operation of the vehicle. Superior paid these claims, which totaled $38,500. Purcell Hunter and Lekedra Hunter filed claims with Superior for damages resulting from their personal injuries, and they filed an action against Eva Hunter, alleging that her negligence was a proximate cause of their injuries. Because Superior had previously paid $38,500 to settle the claims of Dye and her passenger, only $11,500 in

6

total liability coverage remained available to satisfy the claim submitted by Purcell Hunter and Lekedra Hunter.

Lekedra Hunter and Purcell Hunter filed actions against Superior and sought declaratory judgments that Superior was required to satisfy their claims in excess of $11,500 by paying pursuant to the policy's underinsured motorist coverage.

Rejecting their contentions, we stated:

"[I]n construing Code § 38.2-2206 as a whole, we conclude, even under the facts of this case when only one insurance policy is involved, that the General Assembly did not intend that a vehicle could be 'underinsured' with respect to itself. In light of the provisions of subsection (A), it is clear that subsection (B) contemplates a situation in which there are at least two applicable insurance policies at issue — the liability coverage provided by a tortfeasor's insurance policy, and the uninsured/underinsured motorist coverage provided by an injured party's insurance policy.
    "Subsection (A) provides that the limits of the uninsured/underinsured coverage of any policy issued in Virginia 'shall equal but not exceed the limits of the liability insurance provided.' It does not permit the amount of liability coverage provided by a policy to be less than uninsured/underinsured motorist coverage provided by that policy. The total amount of this coverage necessarily is to be determined at the time the policy is issued by the insurance company.
    "The definition of 'underinsured' in subsection (B), however, contemplates just such a scenario, that is, where the amount of the liability coverage is less than the amount of the uninsured/ underinsured motorist coverage. The two subsections can be reconciled only if it is assumed, as we do here, that subsection (B) contemplates a situation in which there are two insurance policies at issue. Moreover, subsection (A) states that the

7

underinsured motorist coverage must 'obligate the insurer to make payment for bodily injury or property damage caused by the operation or use of an underinsured motor vehicle.' The reference to 'an underinsured motor vehicle' contemplates the existence of a second insurance policy.

"Read together, subsection (A) and subsection (B) do not contemplate that, under the circumstances of this case, a claimant would be permitted to recover under both the liability and uninsured/underinsured motorist coverages of a single policy. In the present case, the uninsured/underinsured motorist coverage provided by Superior's policy would not be 'afforded to' [Lekedra Hunter and Purcell Hunter]. Thus, there are no underinsured motorist coverages afforded to [Lekedra Hunter and Purcell Hunter] to compare with the amount of liability coverage 'available for payment.' "

Superior Insurance Company, 258 Va. at 344-45, 520 S.E.2d at 649.

As the aforementioned discussion clearly indicates, our holding in Superior Insurance Company is not dispositive of the issue in this appeal. In Superior Insurance Company, we held, under the facts and circumstances of that case, that the underinsured motorist provisions of a tortfeasor's automobile liability insurance policy could not be used to satisfy claims of passengers who are insureds under the same policy and whose claims exceed the limits of the policy's liability insurance coverage. Here, however, we are concerned with a completely different factual scenario. Unlike Superior Insurance Company, we are not confronted with a situation in which an insurance company, that had issued an automobile liability

8

insurance policy, could be required to pay its contracted limits of liability coverage and also pay underinsured motorist coverage from the same policy.  Jones seeks to recover solely on the uninsured motorist provisions and, hence, Allstate cannot be subject to liability beyond its contractual limits.

In view of our holding, we need not consider Allstate's remaining arguments.  Accordingly, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.